# Welsh's Appeal.

*Boroughs—Ordinances—Appeals—Act of May 22, 1883, P. L. 39—Cemeteries—Certiorari.*

On a certiorari to bring up the record of an order of the court of quarter sessions dismissing an appeal from a borough ordinance authorizing the opening of a cemetery in the borough, the appellate court has no power to examine into the testimony, and if the lower court has found as a fact that the appellants were not " parties aggrieved " within the act of May 22, 1883, the appellate court will accept the finding as conclusive.

Argued Nov. 19, 1902. Appeal, No. 131, Oct. T., 1902, by Virginia C. Welsh, from order of Q. S. Delaware Co., Dec. T.,

1899, dismissing an appeal from a borough ordinance in Appeal of Virginia C. Welsh.   Before BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Appeal from an ordinance of the borough of Yeadon.

JOHNSON, P. J., filed the following opinion:

This is an appeal from an ordinance of the borough of Yeadon granting permission to Joseph L. Carpenter to use a tract of land in the borough of Yeadon for cemetery purposes.   Quite a number of interesting questions affecting the validity of this ordinance have been suggested and argued.   After a careful consideration of the case I am convinced that they cannot be disposed of in this proceeding.

The act of assembly under which this appeal is taken is that only "persons aggrieved" may appeal.   It is contended that the appellants are not persons "aggrieved," within the meaning of the statute, and that the appeal should be dismissed.   I am of the opinion that this objection is well founded.

A person aggrieved must be one whose private property is specially affected as distinguished from the public generally.

From the testimony taken I am of the opinion that the appellants are not specially affected as distinguished from the general public, and are therefore not aggrieved within the meaning of the statute under which the appeal is taken and therefore do not have the right to appeal.   Appeal dismissed.

*Error assigned* was order dismissing the appeal.

*L. L. Smith*, with him *William B. Broomall*, for appellant.

*A. Lewis Smith*, with him *A. L. Wilkinson*, for appellees.

OPINION BY WILLIAM W. PORTER, J., March 12, 1903:

The paper-book of the appellant furnishes no proper abstract of the petition and answer.   Furthermore, the appeal seems to be by three several persons, although not so indicated in the title.   These three appeal from one decree, and complain of injury to real estate owned by them in severalty.   The appeal would thus seem to be joint and involving three separate inter-

ests.   Notwithstanding these deficiencies met at the threshold, we dispose of the case.

The appeal is taken from an order made in the court of quarter sessions of Delaware county, dismissing an appeal from an ordinance of the councils of the borough of Yeadon.   The appeal was taken under the act of May 22, 1883, which provides that "complaint may be made to the next court of quarter sessions of the proper county upon entering into recognizance with sufficient security according to law, to prosecute the same with effect and for the payment of costs, by any person aggrieved in consequence of any ordinance, regulation, or act done or purporting to be done, in virtue of this act, and the determination and order of the said court thereon, shall be conclusive."

The act of April 3, 1851, gives boroughs the power "to prohibit within the borough, the burial or interment of deceased persons, or within such partial limits within the same as they may from time to time prescribe, and to regulate the depth of the graves."   In the exercise of this power, the borough of Yeadon passed an ordinance prohibiting the establishing of additional cemeteries.   By a later ordinance called "No. 50," entitled, "An ordinance granting permission under certain conditions for the use for cemetery purposes of the tract of ground formerly owned by the North Mt. Moriah Cemetery Co., and providing for the opening of a certain street through the same and the vacation of a portion of another street therein."

From this ordinance the three appellants appealed to the quarter sessions, alleging that they are "persons aggrieved" by the ordinance, inasmuch as their real estate bounding in part on the tract to be used as a cemetery pursuant to the ordinance, would be thereby depreciated in value.

The court below dismissed the appeal on the ground that the appellants were not parties aggrieved as contemplated by the provisions of the act.

This cause comes before us from the quarter sessions on certiorari.   We discover no error on the face of the record. Again, the court below has found distinctly and in terms as a fact that the parties appealing are not "aggrieved," that is, that they are not specially injured by the passage of the ordinance of which they complain.   We have no disposition, even if we had the power, to examine into the testimony on which

the finding is based. In the present case, we accept the finding of the court below, based upon the proofs, that the cemetery complained of does not, in fact, injure the appellants' properties. It has never been held that the maintenance of a cemetery is per se, the maintenance of a public nuisance, nor does the mere existence of a cemetery necessarily import damage to adjacent property.

If the appellants should be able to prove that they suffered injury for which they have a legal right to recover damages, the forum for such a proceeding may perhaps be found apart from this application to overthrow legislation, which does not, so far as we are informed by the record, result in injury or put them in the position of parties aggrieved.

This appeal perhaps should be quashed. We prefer to enter the order,— decree affirmed.